United States District Court
Southern District of Texas
**ENTERED**
June 14, 2019
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| BILLY JOE PHILLIPS § § Petitioner, § VS. § LORIE DAVIS, Director, § Texas Department of Criminal Justice, § Correctional Institutions Division § § Respondent. § | CIVIL ACTION NO. 7:18-CV-00233 |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). This case was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b).

After a careful review of the record and relevant law, the undersigned respectfully recommends that Respondent's motion for summary judgment (Dkt. No. 4) be **GRANTED**, that Petitioner's § 2254 motion (Dkt. No. 1) be **DENIED**, and that Petitioner's claims be **DISMISSED** without prejudice as moot. It is further recommended that a Certificate of Appealability be **DENIED** and that the case be closed.

## I. BACKGROUND

### A. PROCEDURAL HISTORY

On November 14, 2012, Petitioner pled guilty to and was convicted of violating the Sex Offenders Duty to Register Life/Annual (Texas Code of Criminal Procedure Art. 62.102) in the 21st District Court of Bastrop County. (Dkt. No. 1 at 2; Dkt. No. 5-2 at 25). Petitioner was sentenced to eight years of incarceration. (Dkt. No. 5-2 at 25). In his § 2254 petition, Petitioner

states that he did not appeal his conviction or sentence. (Dkt. No. 1 at 3). Petitioner waived his right to appeal as part of his plea bargain. (Dkt. No. 5-2 at 27).

Petitioner filed a state habeas petition in the Texas Court of Criminal Appeals on May 14, 2018, on three grounds: (1) violation of the Equal Protection Clause; (2) violation of the Due Process Clause; and (3) violation of the Ex Post Facto Clause. (Dkt. No. 1 at 3-4; Dkt. No. 5-2 at 4-13). The Court of Criminal Appeals denied the petition without written order on June 27, 2018. (Dkt. No. 5-1).

On July 6, 2018, Petitioner filed the instant § 2254 motion.[1] On April 30, 2019, Petitioner was released on parole. (Dkt. No. 7-1 at 3).

**B.    SUMMARY OF THE PLEADINGS**

Petitioner raises four claims in his § 2254 petition: (1) his right to Equal Protection was violated because the Texas Board of Pardons and Paroles ("TBPP") did not disclose a protest letter that he alleges caused the board to reconsider its original decision to grant him parole; (2) his right to Due Process was violated because TBPP has not considered him for mandatory supervision nor "determined the findings" pursuant to Texas Government Code § 508.149; (3) his continued incarceration is an Ex Post Facto violation because his preclusion from mandatory supervision is based on a prior conviction, which is now listed under Texas Government Code § 508.149 as an offense ineligible for mandatory supervision, but which he committed before § 508.149 was enacted; and (4) his parole was improperly rescinded after previously being granted. (Dkt. No. 1 at 6-7).

---

[1] "[P]ro se prisoners' filings are governed by the mailbox rule. Thus, they are deemed 'filed as soon as the pleadings have been deposited into the prison mail system.' " *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011). This date is taken from Petitioner's § 2254 petition, where he states under the penalty of perjury that his motion was placed in the prison mailbox on July 6, 2018. (Dkt. No. 1 at 10).

Petitioner seeks relief in the form of (1) ordering TBPP to consider Petitioner for mandatory supervision; (2) ordering TBPP to disclose the contents of Petitioner's file; (3) ordering TDCJ to give Petitioner the opportunity to be heard before a neutral hearing body and to subsequently render a decision based upon "verified facts;" and (4) giving Petitioner "the opportunity to correct and confront the parole file contents." (Dkt. No. 1 at 7).

Respondent submitted an affidavit to the Court showing that Petitioner was released on parole. (Dkt. No. 7-1). Respondent argues that Petitioner's first and fourth claims are now moot, but his second and third claims are not moot because those pertain to mandatory supervision. (Dkt. No. 7 at 2-3).

## II.   MOOTNESS

### A.   Mootness of First and Fourth Claims

Petitioner's first and fourth claims relating to his denial of parole are moot. On April 30, 2019, Petitioner was released on parole. (Dkt. No. 7-1 at 3). Petitioner's release on parole means there is no longer an Article III case or controversy. "There must be a case or controversy through all stages of a case — not just when a suit comes *into* existence but *throughout* its existence." *Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018) (emphasis in original) (internal quotation marks omitted). Petitioner no longer has a "stake or interest" in the outcome of these claims. *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998).

These claims should be dismissed as moot.

### B.   Mootness of Second and Third Claims

Petitioner also challenges his statutory ineligibility for mandatory supervision and the parole board's refusal to consider him for mandatory supervision on that basis.

Respondent argues that Petitioner's second and third claims are not moot and should be dismissed with prejudice. Respondent argues that because parole is a "distinct type of supervised release" Petitioner still has a "stake or interest" in his eligibility for mandatory supervision. (Civ. Dkt. No. 7 at 3). Even though Respondent does not contest jurisdiction on these two claims, the Court has an independent, continuing obligation to examine the basis for its subject matter jurisdiction. *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016).

Mandatory supervision and parole are "two ways in which a prisoner becomes eligible for release under Texas law." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). While mandatory supervision and parole are different, the difference lies in TBPP's amount of discretion, and the underlying process for becoming eligible and being granting release. *Coleman v. Dretke*, 395 F.3d 216, 219 n.1 (5th Cir. 2004); *Jackson v. Johnson*, 475 F.3d 261, 263 n.1 (5th Cir. 2007).[2] The undersigned does not find any support in case law or state statutory law for the idea that there is a difference in how the mandatory supervision and parole programs are administered once release has been granted. Mandatory supervision is treated as a form of parole by Texas law; a prisoner released on mandatory supervision is "considered to be released on parole." Tex. Gov't Code § 508.147(b). In either form, defendants serve the remainder of their sentence "under the supervision and control of the pardons and paroles division." Tex. Gov't Code § 508.001(5)-(6).

---

[2] In these cases, dealing with inmates already released on either mandatory supervision or parole, the Fifth Circuit has indicated in dicta that the difference between mandatory supervision and parole is not legally significant.

Conceivably, there could be some difference in how the parole and mandatory supervision programs are administered post-release, but no party has alleged facts or provided information to the Court showing how continued ineligibility for mandatory supervision is of any consequence.[3] While it is an "obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences," the same cannot be assumed of continued ineligibility for mandatory supervision. *Spencer v. Kemna*, 523 U.S. 1, 12-14 (1998). It is Petitioner's burden to show that "some concrete and continuing injury other than the now-ended incarceration or parole" exists. *United States v. Ramirez-Gonzalez*, 840 F.3d 240, 244 (5th Cir. 2016) (the defendant must bear the burden of identifying some ongoing collateral consequence).

Since his release, however, Petitioner has not contacted the Court. Petitioner did not make the Court aware of his release from custody or provide an updated address in compliance with Rule 83.4 of the Local Rules of the U.S. District Court for the Southern District of Texas, which provides that *pro se* litigants are responsible for keeping the Clerk of this Court advised in writing of their current address. Petitioner has not provided any indication that he is still interested in pursuing this litigation, let alone shown that his ineligibility for mandatory supervision continues to harm him.

Since nothing appears in the record, in case law, or in state statutory law that shows there is a material distinction between parole and mandatory supervision, the undersigned cannot assume

---

[3] Petitioner would only face the process of obtaining mandatory supervision again if he were reincarcerated. Respondent, therefore, appears to assume that Petitioner's eligibility for mandatory supervision matters because, in the future, Petitioner will be reincarcerated and attempt to obtain release on mandatory supervision. That possibility is contingent on Petitioner being imprisoned for some new offense or his parole being revoked. The undersigned cannot operate on the assumption that Petitioner will commit additional crimes or violate his parole conditions. Petitioner is capable of preventing "such a possibility from occurring." *Spencer v. Kemna*, 523 U.S. 1, 13-16 (1998); *Walker v. Texas Bd. of Pardons & Paroles*, No. 4:00-CV-0022-A, 2001 WL 194978, at *4 (N.D. Tex. Feb. 22, 2001) ("[T]he Court assumes that the petitioner will conduct his activities within the law and so avoid yet another revocation, [therefore] the mere possibility of a future revocation with the return to confinement is a matter of speculation.").

that continuing collateral consequences exist. As such, Petitioner has no stake or interest in seeking mandatory supervision at this point.[4]

The undersigned recommends that Petitioner's second and third claims be dismissed as moot.

### III. CONCLUSION

#### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that Respondent's motion for summary judgment (Dkt. No. 4) be **GRANTED**, that Petitioner's § 2254 motion (Dkt. No. 1) be **DENIED**, that Petitioner's claims be **DISMISSED** without prejudice as moot, and that the case be closed.

#### *Certificate of Appealability*

It is recommended that a Certificate of Appealability (COA) be **DENIED**.

Pursuant to 28 U.S.C. § 2253(c)(1)(A), the petitioner may not appeal the final order of a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). The Rules Governing Section 2254 Proceedings instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, The Rules Governing Section 2254 Proceedings. Because it is recommended that Petitioner's § 2254 motion be dismissed, the undersigned must address whether he is entitled to a COA.

A petitioner is entitled to a COA when it can be shown that a reasonable jurist would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and

---

[4] *See, e.g., Harris v. Thaler*, No. CIV.A. H-10-4862, 2011 WL 1230270, at *3 (S.D. Tex. Mar. 30, 2011) ("[H]e complains only that prison officials erred . . . with regard to his eligibility for release on parole or mandatory supervision. Because Harris has been released on parole, he cannot show that an actionable controversy continues in this case. In other words, there is no longer anything for this Court to remedy.").

"whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). Because the undersigned finds that Petitioner fails to meet this threshold, it is recommended that the District Court deny a COA.

### *Notice to the Parties*

Within fourteen days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Federal Rules of Civil Procedure, Rule 72(b). Failure to file written objections within fourteen days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

The clerk of this court shall forward a copy of this document to the parties by any receipted means.

SIGNED this 14th day of June, 2019, at McAllen, Texas.

_____
J. SCOTT HACKER
United States Magistrate Judge